Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD and ACTELION PHARMACEUTICALS US, INC., <br><br>        Plaintiffs, <br>     v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LIMITED and SUN PHARMACEUTICAL INDUSTRIES, INC., <br><br>        Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiffs Actelion Pharmaceuticals Ltd ("Actelion Ltd") and Actelion Pharmaceuticals US, Inc. ("Actelion Inc.") (collectively, "Actelion" or "Plaintiffs"), for their Complaint against Defendants Sun Pharmaceutical Industries Limited ("Sun Ltd.") and Sun Pharmaceutical Industries, Inc. ("Sun Inc.") (collectively, "Sun" or "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

2.     Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

3.     Upon information and belief, Defendant Sun Ltd. is an entity organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400063, India.

4.     Upon information and belief, Defendant Sun Inc. is an entity organized and existing under the laws of the State of Delaware, having a principal place of business at 2 Independence Way, Princeton, New Jersey 08540.

5.     Upon information and belief, Sun Inc. is a wholly-owned subsidiary of Sun Ltd.

## JURISDICTION AND VENUE

6.     This is a civil action for infringement of United States Patent No. 7,094,781 ("the '781 patent") and United States Patent No. 10,946,015 ("the '015 patent") (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

8.     Upon information and belief, Sun Ltd., either directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical products throughout the United States, including in this Judicial District.

9. Upon information and belief, Sun Ltd., through its wholly-owned subsidiary Sun Inc., maintains several regular places of business in New Jersey, including 2 Independence Way, Princeton, New Jersey 08540 and 1 Commerce Drive, Cranbury, New Jersey 08512.

10. Upon information and belief, Sun Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID Nos. 0100970132 and 0100954087.

11. Upon information and belief, Sun Inc. is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5003437.

12. Upon information and belief, Sun Inc. is an agent for Sun Ltd. with regard to Abbreviated New Drug Application ("ANDA") No. 211123, for which Sun has sought approval from the United States Food and Drug Administration ("FDA").

13. Sun sent a letter dated November 28, 2022 ("November 28, 2022 Notice Letter") to Actelion, stating that Sun Ltd. filed ANDA No. 211123, seeking approval from the FDA to commercially manufacture, use, or sell generic macitentan 10 mg oral tablets ("the ANDA Product") in the United States (including, upon information and belief, in the State of New Jersey) prior to the expiration of the '781 and '015 patents.

14. The November 28, 2022 Notice Letter represented that ANDA No. 211123 included certifications under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certifications") with respect to the '781 and '015 patents.

15. Sun sent the November 28, 2022 Notice Letter to Actelion Inc.'s business location in the State of New Jersey. On or about November 29, 2022, Actelion Inc. received the November 28, 2022 Notice Letter in the State of New Jersey.

16. Upon information and belief, Sun Ltd., together with its agent Sun Inc., filed or caused to be filed ANDA No. 211123 with the FDA.

17. Sun Ltd. and Sun Inc. have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of New Jersey, that have led to foreseeable harm and injury to Actelion in the State of New Jersey.

18. Upon information and belief, Sun Ltd. and Sun Inc. will act in concert with each other with respect to the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

19. This Court has personal jurisdiction over Sun Ltd. because, *inter alia*, Sun Ltd.: (1) maintains regular places of business in New Jersey through its wholly-owned subsidiary Sun Inc.; (2) has purposely availed itself of the privilege of doing business in New Jersey, including directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey, including directly or indirectly through its subsidiaries, agents, and/or alter egos; and (5) upon information and belief, intends to, directly or indirectly through its wholly-owned subsidiary and agent Sun Inc., market, sell, or distribute the ANDA Product throughout the United States, including in New Jersey.

20. This Court also has personal jurisdiction over Sun Ltd. because, *inter alia*, Sun Ltd. has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction in this Judicial District. *E.g.*, *Orexo AB, et al. v. Sun Pharmaceutical Industries Ltd., et al.*, Civil Action No. 21-17941 (ZNQ)(DEA) (D.N.J); *Orexo AB, et al. v. Sun*

*Pharmaceutical Industries Ltd., et al.*, Civil Action No. 20-12588 (BRM)(DEA) (D.N.J.); *Merck Sharp & Dohme BV, et al. v. Sun Pharmaceutical Industries, Inc., et al.*, Civil Action No. 20-03007 (CCC)(MF) (D.N.J.).

21.     Sun Ltd. has further availed itself of the jurisdiction of this Judicial District by initiating litigation in this Judicial District.  *E.g.*, *Sun Pharmaceutical Industries Ltd., et al. v. Novartis Pharmaceuticals Corp., et al.*, Civil Action No. 19-21733 (D.N.J.); *Sun Pharmaceutical Industries Ltd. v. Pfizer Inc., et al.*, Civil Action No. 19-09330 (KM)(SCM) (D.N.J.); *Sun Pharmaceutical Industries Ltd., et al. v. VistaPharm, Inc.*, Civil Action No. 19-07536 (SRC)(CLW) (D.N.J.).

22.     Alternatively, this Court may exercise jurisdiction over Sun Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) Sun Ltd. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Sun Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, by submitting various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Sun Ltd. satisfies due process.

23.     This Court has personal jurisdiction over Sun Inc. because, *inter alia*, Sun Inc.: (1) has a principal place of business in New Jersey; (2) has employees in the places of business that it maintains in New Jersey; (3) has purposely availed itself of the privilege of doing business in New Jersey, including by, *inter alia*, registering with the State of New Jersey's Division of Revenue and Enterprise Service to do business in New Jersey under Business ID Nos. 0100970132 and 0100954087 and securing a New Jersey manufacturer's and wholesale drug distributor's license under Registration No. 5003437; (4) maintains pervasive, continuous, and systematic

contacts with New Jersey; (5) upon information and belief, develops, manufactures, and/or imports generic pharmaceutical products for sale and use throughout the United States, including in New Jersey; and (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute the ANDA Product throughout the United States, including in New Jersey.

24.    This Court also has personal jurisdiction over Sun Inc. because, *inter alia*, Sun Inc. has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction in this Judicial District. *E.g.*, *Orexo AB, et al. v. Sun Pharmaceutical Industries Ltd., et al.*, Civil Action No. 21-17941 (ZNQ)(DEA) (D.N.J); *Orexo AB, et al. v. Sun Pharmaceutical Industries Ltd., et al.*, Civil Action No. 20-12588 (BRM)(DEA) (D.N.J.); *Merck Sharp & Dohme BV, et al. v. Sun Pharmaceutical Industries, Inc., et al.*, Civil Action No. 20-03007 (CCC)(MF) (D.N.J.).

25.    Sun Inc. has further availed itself of the jurisdiction of this Judicial District by initiating litigation in this Judicial District. *E.g.*, *Sun Pharmaceutical Industries Ltd., et al. v. Novartis Pharmaceuticals Corp., et al.*, Civil Action No. 19-21733 (D.N.J); *Sun Pharma Global FZE, et al. v. Lupin Ltd., et al.*, Civil Action No. 18-02213 (FLW)(TJB) (D.N.J.).

26.    Venue is proper in this Court as to Sun Ltd. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Sun Ltd. is a foreign entity and may be sued in any judicial district in the United States in which Sun Ltd. is subject to the court's personal jurisdiction. Venue is proper for the additional reasons set forth above and for other reasons that will be presented to the Court if such venue is challenged.

27.    Venue is proper in this Court as to Sun Inc. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Sun Inc. has a principal place of business in New Jersey, and has committed and will commit further acts of infringement in this Judicial District.

Venue is proper for the additional reasons set forth above and for other reasons that will be presented to the Court if such venue is challenged.

## THE PATENTS-IN-SUIT

28.    Actelion Inc. holds approved New Drug Application ("NDA") No. 204410, under which the FDA granted approval on October 18, 2013 for macitentan 10 mg oral once-a-day tablets, marketed in the United States under the trade name OPSUMIT®.

29.    OPSUMIT® (macitentan), approved in NDA No. 204410, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) to reduce the risks of disease progression and hospitalization for PAH.

30.    Actelion Inc. markets and sells OPSUMIT® in the United States.

31.    Actelion Ltd owns the '781 patent, titled "Sulfamides and Their Use as Endothelin Receptor Antagonists."  The '781 patent duly and legally issued on August 22, 2006.  A copy of the '781 patent is attached as Exhibit A.

32.    Actelion Ltd owns the '015 patent, titled "Stable Pharmaceutical Compositions Comprising a Pyrimidine-Sulfamide."  The '015 patent duly and legally issued on March 16, 2021.  A copy of the '015 patent is attached as Exhibit B.

33.    Pursuant to 21 U.S.C. § 355(b)(l), the patents-in-suit are listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering Actelion's OPSUMIT® brand macitentan tablets.

## ACTS GIVING RISE TO THE ACTION

34.    Upon information and belief, Sun has submitted ANDA No. 211123 to the FDA, seeking FDA approval for the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

35.     Upon information and belief, prior to about October 18, 2017, Sun Ltd. was aware of the '781 patent.

36.     Upon information and belief, prior to about October 18, 2017, Sun Inc. was aware of the '781 patent.

37.     Upon information and belief, on or about October 18, 2017, Sun Ltd., together with its agent Sun Inc., submitted ANDA No. 211123 to the FDA.

38.     Upon information and belief, when Sun Ltd., together with its agent Sun Inc., submitted ANDA No. 211123 to the FDA on or about October 18, 2017, the ANDA included a certification under § 505(j)(2)(A)(vii)(III) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) with respect to the '781 patent ("Paragraph III Certification").

39.     Upon information and belief, at the time Sun submitted the Paragraph III Certification, they did not possess an opinion supported by facts and law that one or more claims of the '781 patent were invalid.

40.     Upon information and belief, at some time between about October 18, 2017 and November 28, 2022, Sun converted the Paragraph III Certification to the Paragraph IV Certification with respect to the '781 patent.

41.     Upon information and belief, at some time prior to about November 28, 2022, Sun Ltd. was aware of the Consent Judgment (D.I. 145) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Amneal Pharmaceuticals LLC admitted that the claims of the '781 patent are valid and enforceable.

42.     Upon information and belief, at some time prior to about November 28, 2022, Sun Inc. was aware of the Consent Judgment (D.I. 145) in *Actelion Pharmaceuticals Ltd v. Zydus*

*Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Amneal Pharmaceuticals LLC admitted that the claims of the '781 patent are valid and enforceable.

43.     Upon information and belief, at some time prior to about November 28, 2022, Sun Ltd. was aware of the Consent Judgment (D.I. 44) in *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), in which Aurobindo Pharma USA Inc. and Aurobindo Pharma Limited admitted that the claims of the '781 patent are valid and enforceable.

44.     Upon information and belief, at some time prior to about November 28, 2022, Sun Inc. was aware of the Consent Judgment (D.I. 44) in *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), in which Aurobindo Pharma USA Inc. and Aurobindo Pharma Limited admitted that the claims of the '781 patent are valid and enforceable.

45.     Upon information and belief, at some time prior to about November 28, 2022, Sun Ltd. was aware of the Consent Judgment (D.I. 169) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Zydus Pharmaceuticals (USA) Inc. admitted that the claims of the '781 patent are valid and enforceable.

46.     Upon information and belief, at some time prior to about November 28, 2022, Sun Inc. was aware of the Consent Judgment (D.I. 169) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Zydus Pharmaceuticals (USA) Inc. admitted that the claims of the '781 patent are valid and enforceable.

47.     Upon information and belief, at some time prior to about November 28, 2022, Sun Ltd. was aware of the Consent Judgment (D.I. 15) in *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), in which Laurus Labs Limited and PharmaQ, Inc. admitted that the claims of the '781 patent are valid and enforceable.

48.     Upon information and belief, at some time prior to about November 28, 2022, Sun Inc. was aware of the Consent Judgment (D.I. 15) in *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), in which Laurus Labs Limited and PharmaQ, Inc. admitted that the claims of the '781 patent are valid and enforceable.

49.     Separate and apart from certain contentions regarding patent validity, the November 28, 2022 Notice Letter does not identify any factual basis for, or any opinion of, noninfringement of Claims 1, 5-9, and 11 of the '781 patent.

50.     The ANDA Product for which Sun seeks FDA approval in ANDA No. 211123 includes macitentan as the active ingredient.

51.     The chemical name of the compound macitentan is one of the chemical names recited in Claim 11 of the '781 patent.

52.     Sun did not comply with its affirmative duty of care in making the Paragraph IV Certification with respect to the '781 patent under *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347-48 (Fed. Cir. 2000).

53.     Separate and apart from certain contentions regarding patent validity, the November 28, 2022 Notice Letter does not identify any factual basis for, or any opinion of, noninfringement of Claims 1, 2, 4, 9, 10, 13, 14, 16-18, 22-34, and 36-42 of the '015 patent.

54.     Actelion commenced this action within 45 days of the date of receipt of the November 28, 2022 Notice Letter.

**INFRINGEMENT**

55.     Actelion re-alleges paragraphs 1-54 as if fully set forth herein.

56.     By seeking approval of ANDA No. 211123 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product prior to the expiration of the patents-in-suit, Sun has infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

57.     Sun Ltd. and its agent Sun Inc. are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

58.     Upon information and belief, Sun was aware that the submission of ANDA No. 211123 that included the Paragraph IV Certifications with respect to the patents-in-suit to the FDA constituted an act of infringement of the patents-in-suit.

59.     Actelion is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of ANDA No. 211123 be a date that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Actelion is or becomes entitled.

60.     If Sun commercially manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, the ANDA Product prior to the expiration of the patents-in-suit, Sun would further infringe the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

61.     Sun Ltd. and its agent Sun Inc. are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

62.     Upon information and belief, Sun was aware that the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the

ANDA Product before the expiration of the patents-in-suit would constitute an act of infringement of the patents-in-suit.

63.     Actelion is entitled to a declaration that, if Sun commercially manufactures, uses, offers for sale, or sells the ANDA Product within the United States, imports the ANDA Product into the United States, and/or induces or contributes to such conduct, Sun will infringe the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

64.     Actelion will be irreparably harmed by Sun's infringing activities unless those activities are enjoined by this Court.  Actelion does not have an adequate remedy at law.

65.     This is an exceptional case based on, *inter alia*, Sun's failure to comply with the affirmative duty of care in converting its Paragraph III Certification to a Paragraph IV Certification with respect to the '781 patent and propagating invalidity defenses that it knows, or has reason to know, are lacking in an objective good-faith basis in fact and law.

## PRAYER FOR RELIEF

**WHEREFORE**, Actelion requests that the Court grant the following relief:

A.     A Judgment decreeing that Sun has infringed the patents-in-suit by submitting ANDA No. 211123 that included the Paragraph IV Certifications with respect to the patents-in-suit;

B.     A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Sun, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in concert with Sun, from infringing the patents-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product claimed in the patents-in-suit;

C.      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 211123 be a date that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Actelion is or becomes entitled;

D.      An award of monetary relief to the extent Sun commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes, induces, or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extension or exclusivity for the patent to which Actelion is or becomes entitled, and that any such monetary relief be awarded to Actelion with prejudgment interest;

E.      An Order be entered that this case is exceptional, and that Actelion is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.      Such other and further relief as the Court may deem just and proper.

Dated:  January 10, 2023

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:  *s/ Keith J. Miller*
         Keith J. Miller
         ROBINSON MILLER LLC
         Ironside Newark
         110 Edison Place, Suite 302
         Newark, NJ 07102
         (973) 690-5400
         kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

- 13 -

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1</u>

I hereby certify that the matter in controversy involves the plaintiff Actelion Pharmaceuticals Ltd and the patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), and *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), which were filed on January 31, 2018, July 16, 2019, and October 5, 2020, respectively. Those matters were dismissed by the Hon. Freda L. Wolfson, U.S.D.J. on September 22, 2020, July 15, 2020, and January 22, 2021, respectively.

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  January 10, 2023

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:  *s/ Keith J. Miller*
　　Keith J. Miller
　　ROBINSON MILLER LLC
　　Ironside Newark
　　110 Edison Place, Suite 302
　　Newark, NJ 07102
　　(973) 690-5400
　　kmiller@rwmlegal.com

　　*Attorney for Plaintiffs*
　　*Actelion Pharmaceuticals Ltd and*
　　*Actelion Pharmaceuticals US, Inc.*